## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH DAYWITT, JUSTIN NEWMAN, ANDREW DAY, and JACOB FLOM,<br><br>Plaintiffs,<br><br>v.<br><br>MINNESOTA DEPARTMENT OF HUMAN SERVICES and RICHARD MCHUGH,<br><br>Defendants. | Case No. 22-CV-0007 (ECT/JFD)<br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the Court on various filings by Plaintiffs Kenneth Daywitt, Justin Newman, Andrew Day, and Jacob Flom, including their "Complaint Pursuant to Title 42 U.S.C. [§§] 1983, 1985 and 1988" (Compl. at 1, Dkt. No. 1), and each Plaintiff's application to proceed *in forma pauperis* ("IFP") in this action (Dkt. Nos. 2–5). For the following reasons, the Court recommends dismissal of this action without prejudice for lack of subject-matter jurisdiction and denial of the four pending IFP applications as moot.

The Court received the Complaint on January 3, 2022. (Compl. at 1.) Plaintiffs are four civil detainees at the Minnesota Sex Offender Program ("MSOP") located in Moose Lake, Minnesota. (*Id.* ¶ 3.) They name two Defendants: (1) the Minnesota Department of Human Services, which administers MSOP, and (2) Richard McHugh, identified as a "polygraph examiner who is responsible for administration of all polygraphs at [MSOP]." (*Id.* ¶¶ 14–15.) The Complaint's gravamen is that all four Plaintiffs have undergone

polygraph examinations administered by McHugh, and that McHugh has mishandled his polygraph-related work in a variety of ways. (*Id.* ¶¶ 16–48.) Specifically, Plaintiffs allege that McHugh—an employee for whom MSOP is responsible—has committed "negligence," "malpractice," and "fraud," and has "enjoyed unjust enrichment" due to his unlawful acts. (*Id.* ¶¶ 2, 49–77.)

Plaintiffs' asserted causes of action present the Court with a question of subject-matter jurisdiction. Subject-matter jurisdiction is a threshold requirement for federal-court litigation; where it is lacking, a federal court cannot proceed with an action. *See, e.g.*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998)). Federal courts thus "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 609 (8th Cir. 2018) (citing *Arbaugh*).

Furthermore, it is a plaintiff's burden to show that subject-matter jurisdiction exists. *See, e.g.*, *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011) (citing *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). Under Rule 8 of the Federal Rules of Civil Procedure, a "pleading that states a claim for relief"—such as the Complaint—"must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiffs contend that this Court has subject-matter jurisdiction over this action based on Title 28 U.S.C. § 1331, as

well as supplemental jurisdiction under Title 28 U.S.C. § 1367. (Compl. ¶ 8.) The Court concludes that Plaintiffs are wrong on both counts.

The Court will address § 1331 first. This is the federal statute concerning so-called federal-question jurisdiction. Under § 1331, "[t]he district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has described the arising-under standard as follows:

> '[T]he question whether a claim "arises under" federal law must be determined by reference to the 'well-pleaded complaint.' The well-pleaded complaint rule 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' 'Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'

*Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (citations omitted); *see also, e.g.*, *Mille Lacs Band of Ojibwe v. Cty. of Mille Lacs*, 508 F. Supp. 3d 486, 504 (D. Minn. 2020) (quoting *Great Lakes Gas*).

The first question is whether the Complaint establishes that "federal law creates the cause of action." The Court concludes that it does not. The causes of action that Plaintiffs invoke—professional malpractice, negligence, fraud, and unjust enrichment—are causes of action that rest squarely in state common law. Federal-question jurisdiction thus hinges on whether "plaintiff's right to relief necessarily depends" on resolving "a substantial question of federal law." Plaintiffs point to no such question, and none are immediately

3

apparent. Plaintiffs therefore have failed to demonstrate that this Court has federal-question jurisdiction over this action.[1]

This leaves supplemental jurisdiction. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." As this wording—and indeed, the term "supplemental"—suggests, a court can exercise such jurisdiction only if there is some part of an action over which original jurisdiction exists. From the discussion above, nothing in this case fits the bill. Supplemental jurisdiction thus does not provide this Court jurisdiction over this action's state-law claims.

In summary, Plaintiffs—needing to establish this Court's subject-matter jurisdiction—have suggested two statutes they suggest provide the needed authority. Neither of these statutes provides jurisdiction here. The Court therefore recommends dismissal of this action without prejudice for lack of subject-matter jurisdiction. Given this recommendation, the Court also recommends denial of each Plaintiff's IFP application as moot.

---

[1] When trying to establish subject-matter jurisdiction, the usual alternative to federal-question jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. In relevant part, § 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" Caselaw interpreting this provision indicates that diversity jurisdiction demands "complete diversity": each defendant must be a citizen of a different state from each plaintiff. *See, e.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010)). Given the Complaint's allegations about the parties (*see* Compl. ¶¶ 10–15), complete diversity does not exist here.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiffs' "Complaint Pursuant to 42 U.S.C. [§§] 1983, 1985 and 1988" (Dkt. No. 1) be **DISMISSED without prejudice** for lack of subject-matter jurisdiction; and

2. Each individual Plaintiff's application to proceed *in forma pauperis* in this action (Dkt. Nos. 2–5), including Plaintiff Kenneth Daywitt's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. No. 2); Plaintiff Justin Newman's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. No. 3); Plaintiff Andrew Day's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. No. 4); and Plaintiff Jacob Flom's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. No. 5), be **DENIED as moot**.

Dated: February 8, 2022              *s/ John F. Docherty*
                                                    JOHN F. DOCHERTY
                                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to

those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).